ORPHA A. LITTLEWOOD *vs.* WILLIAM F. WARDWELL.

Oxford.    Decided January 5, 1878.

### *Execution.*

Although a creditor cannot, ordinarily, levy upon an undivided portion of a divided part of a debtor's parcel of real estate; still, where several creditors

simultaneously levy upon such part, each taking a fraction thereof and unitedly taking the whole, and the debtor at the same time or before the levies are recorded conveys away the balance of the parcel, the objection to such mode of levying is removed and the levies will stand.

The following is a plan of the premises.

ON REPORT.

WRIT OF ENTRY, demanding the same part of premises described in a levy on execution in favor of the plaintiff and against the defendant.

The plea was the general issue with a brief statement that the levy was void because the defendant's house-lot had been severed and divided, and then a fractional part thereof set out, not of the whole estate, as the statute requires.

A plan of the premises makes part of the case.

The case, partially stated in the head note sufficient to raise the legal question, is more fully stated in the opinion.

If, upon the evidence put in and offered, the plaintiff was entitled to recover, the action was to stand for trial; otherwise a non-suit was to be ordered.

*M. T. Ludden*, for the plaintiff, cited R. S. c. 76, § 9, which provides: "When the premises consist of a mill, mill privilege, or other estate more than sufficient to satisfy the execution, which cannot· be divided by metes and bounds without damage to the whole, an undivided part of it may be taken and the whole described, or it may be levied on as provided in the preceding section."

Counsel also cited decisions. *Hilton* v. *Hanson*, 18 Maine, 397, 399. *Mansfield* v. *Jack*, 24 Maine, 98. *Merrill* v. *Burbank*, 23 Maine, 538. *Grosvenor* v. *Chesley*, 48 Maine, 369, and cases. *Johnson* v. *Farwell*, 7 Maine, 370.

The statute of Massachusetts touching the matter of levying upon an undivided portion of real estate is like our own. Mass. Gen. Sts., c. 103, § 10: "When the premises levied upon consist of a mill, mill privilege or other real estate which cannot be divided without damage to the whole, and which is more than sufficient to satisfy the execution, the levy shall be made upon an undivided portion of the whole, to be determined by the appraisers, and to contain as much as they deem sufficient to satisfy the execution; and the portion thus taken shall be held in common with the debtor."

Decisions were cited. *Bemis* v. *Driscoll*, 101 Mass. 418.

*McCormick* v. *Carroll*, 103 Mass. 151.  *Ladd* v. *Blunt*, 4 Mass. 402.  *Sargent* v. *Pierce*, 2 Met. 80.  *Sigourney* v. *Eaton*, 14 Pick. 414.

The counsel also cited a case not printed in the reports, *Bassett* v. *Wheaton*, from Bristol county, head-noted in Mass. Dig. 644, where it was held under R. S. c. 73, § 10, which provides that "the levy shall be made upon an undivided portion of the whole," that the levy is valid if made upon an undivided portion of a part of such premises described by metes and bounds.

*E. Foster, jr.*, for the defendant.

A party claiming title by proceedings *in invitum*, must bring himself within the provisions of the statute under and by virtue of which he derives his right.  The defendant is not to be disturbed except by one having superior right, and such superiority of right must depend on proof of a strict compliance with the requirements of law.  *Smith* v. *Dow*, 51 Maine, 21, 27.  *Lumbert* v. *Hill*, 41 Maine, 475.

The levy in this case to be valid must comply with R. S. c. 76, § 9, which contains this language : "An undivided portion of it may be taken *and the whole described*." These italicised words are not found in the Massachusetts statute, § 10.

From the evidence and the plan, the defendant's lot consisted of one entire parcel of land in Oxford village, with the buildings thereon, all surrounded with fences, and bounded by other owners' land, viz: A, B, G, H.  The levy is made upon A, B, C, D, a portion of the whole parcel, but the whole is not described ; the consequence is that the debtor is left with a small piece in severalty, and made tenant in common with the creditor of the remainder. While this might be done according to the statute of Massachusetts, it is in direct contravention of the statute of Maine, and the levy is void.

*Ludden*, in reply, said that the defendant was not a tenant in common with three judgment creditors who had extended their executions upon his land, and that he, having conveyed his interest, stood before the court as if he had none.

PETERS, J.  In October, 1875, the demandant, in conjunction

with two other creditors, simultaneously levied their three separate executions upon the land of the defendant, each taking an undi- vided fraction thereof, unitedly taking the whole. In each case the seizure was on the 18th, the officer's return on the 22nd, and the acceptance by the creditor on the same day. The set-offs were in all respects regular and conformable to the requirements of the statute, so far as the face of the proceedings is concerned. The defendant, however, shows that the three levies did not take his whole parcel of land, but only a divided part of the whole, each levy taking a fractional part of only a portion of his land. The objection is that, as between the parties to this suit, the operation of the demandant's levy would be to make the debtor a tenant in common with the demandant in a portion of the premises and an owner in severalty in the residue. To meet this difficulty, the demandant proves that, on the day of the date of the officer's return (October 22nd) the debtor conveyed the portion left to him in severalty to another person by a warrantee deed. Shall the levy stand ?

Why has not a just and legal result been reached, even if there was an irregularity in the order of the steps taken to produce it ? By means of the levies and the conveyance, taken in conjunction, all the elements co-exist by which the title of the debtor in all the land passes from him. Had the debtor's conveyance preceded the levies but for an instant, no exception to them could have been taken. Why has not precisely the same result been attained by the debtor's conveying subsequently to or contemporaneously with the levies ? The same coincidence of facts exists as would have, if the order of the proceedings had been reversed. How is it material to the debtor that one step was taken before the other ? Before the result was fully accomplished it might have been so. The creditor when he levied, took the risk of what the debtor would do. The control of the matter was wholly in the debtor's hands. He could have the levy valid or invalid. But the cred- itor's difficulty is avoided. The objection that the debtor is left owning a part of his land in common and a part in severalty dis- appears by his own act. He applies the remedy to the difficulty himself. The presumption is that it was his election and prefer-

ence to have the levies upheld. The facts manifestly indicate that the levies and the conveyance were intended by all parties to have the effect of concurrent and co-operating acts for the benefit of all concerned. The deed alludes to the levy as a boundary, and still the deed was recorded nearly a month before the levy was. The levy was completed on the 22nd of October, being the day on which the conveyance was dated and (presumably) delivered. The return of the officer was made on that day. The creditors could have repudiated the levies on that day and had others made, and it is not unlikely that they would have done so, but for the fact that the conveyance was made or was to be made in accordance with the levies. We think it would do no violence to the probabilities of the case, to infer that the creditors avoided taking the portion of the land exempted from the levies for the reason that the debtor was about conveying it, and in order not to contravene his interests and wishes.

The condition of parties here bears some resemblance to the dilemma that co-tenants get into, where one tenant conveys to a third person his interest in a specific portion of the common property. Such a conveyance does not bind the co-tenant. But by his own conveyance to others, or by partition at law corresponding with all the interests, the irregularity may be avoided and the first conveyance upheld.

No other question is raised by the defendant. We think the levy must be sustained. By the terms of the report, the entry to be:

*Action to stand for trial.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.